Filed 9/24/14  P. v. Moran CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050046 |
| v. | (Super. Ct. No. R00516 ) |
| MIGUEL MORAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, John L. Flynn, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Miguel Moran appeals from an order finding him in violation of Postrelease Community Supervision (PRCS), committing him to county jail for 180 days, and reinstating his PRCS. His counsel on appeal filed an opening brief asking this court to conduct an independent review of the record under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We granted defendant 30 days to file a supplemental brief. More than 30 days has passed and we have received no communication from defendant. We have reviewed the record, counsel's brief, and conclude there are no arguable issues. The order is therefore affirmed.

## FACTS

Defendant, a Delhi criminal street gang member, pled guilty to unlawful theft or use of a vehicle in January 2011. He was ordered to serve two years in state prison, but was released on PRCS in November 2011. As a condition of his release, defendant was instructed that any new law violation may result in revocation of his PRCS release.

In February 2014, defendant was arrested for possession of heroin (Health & Saf. Code, § 11350) and drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)) after a search of his residence and belongings yielded a small baggie of heroin and a methamphetamine pipe. This was not defendant's first violation. He had been ordered to serve two 10-day flash incarceration periods and 90 days in county jail in 2013 as a result of prior violations.

In March, the Orange County Probation Department filed a petition for revocation of his PRCS on the basis of the new law violation, and for not notifying his probation officer about the new law violation.

In April, defendant filed a motion to dismiss the petition, citing Penal Code section 3063.1, the Substance Abuse and Crime Prevention Act of 2000 (Proposition 36). He claimed the PRCS Act of 2011 was an unauthorized amendment to Proposition 36,

2

and that denying individuals on PRCS relief under Penal Code section 3063.1 violated equal protection.

On April 25, 2014, the trial court denied defendant's motion to dismiss for the following reasons: (1) assuming defendant was authorized to invoke Penal Code section 3063.1, the trial court would have discretion to revoke PRCS on the basis of defendant's record; (2) defendant failed to establish that individuals on PRCS are similarly situated to parolees, and that assuming they were, there was a rational basis for the disparate treatment; and, (3) defendant's conduct during the supervisory period placed him outside of Penal Code section 3063.1 in any event.

## DISCUSSION

In *Anders, supra,* 386 U.S. 738, the United States Supreme Court considered "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." (*Id.* at p. 739.) The court held that an appointed counsel's "no-merit letter" in a criminal appeal was insufficient to protect an indigent defendant's constitutional right to effective assistance of appellate counsel. (*Id.* at pp. 743-745.) The high court set forth a review procedure to protect that right. (*Id.* at p. 744.)

In *Wende,* the California Supreme Court held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441.) A *Wende* brief, therefore, is one that sets forth a summary of proceedings and facts but raises no specific issues. (*Ibid.*) Counsel filed such a brief in this case.

Counsel also suggested a single potential issue, namely did the trial court abuse its discretion by denying defendant's motion to dismiss the petition. We have examined the entire record and reviewed counsel's *Anders/Wende* brief. We are satisfied

3

the trial court properly denied defendant's motion to dismiss the petition. Defendant's counsel has fully complied with his responsibilities and no arguable issue exists. By virtue of counsel's compliance with the *Anders/Wende* procedure and our review of the record, defendant has received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 276-278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The order is affirmed.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

4